UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:                                                                          CASE NO.: 17-20579-JKO
                                                                                Chapter 7
Carmen C. Adames,

        Debtor.
_____/

### TRUSTEE'S MOTON TO DISMISS CASE

Chad S. Paiva, Chapter 7 trustee for Carmen Adames, by and through undersigned counsel, files this Motion to dismiss case, pursuant to 11 U.S.C. §707(a), and would state as follows:

1. This case was commenced by the filing of a short form *pro se* voluntary chapter 7 petition by the debtor on August 22, 2017. The initial 341 meeting was scheduled for September 26, 2017. The deadline to object to discharge is November 27, 2017.

2. At the time the case was commenced the debtor had in excess of $90,000 on deposit in three separate Wells Fargo bank accounts. Well Fargo froze all three accounts, notified the Trustee, and requested instructions from the Trustee. The Trustee released one account back to the debtor with approximately $9,000 on deposit, and instructed Wells Fargo to continue the hold on the other two accounts.

3. The debtor filed this bankruptcy case solely to stop a foreclosure sale of her homestead by her mortgage lender with whom she was unable to work out a modification in a prior chapter 13 proceeding in which she was discharged in early 2017. The debtor was residing in the homestead when this bankruptcy case was filed.

32581039:1

4.     It was the debtor's intent to not file her schedules and other bankruptcy papers, and let her case be dismissed, however, the Trustee intervened based on the funds on deposit in the Wells Fargo accounts and filed a Motion to compel the debtor to file her schedules and other bankruptcy papers (DE#12) prior to automatic dismissal of her case.

5.     The debtor failed to appear at the initial meeting of creditors scheduled for September 26, 2017, and the Trustee continued the meeting of creditors to October 17, 2017. In the meantime, the Trustee advised the debtor via email that she needed to appear at the October 4, 2017 hearing on the Motion to compel.

6.     The Court held a hearing on the Motion to compel on October 4, 2017 at which the debtor appeared.  It was agreed that the debtor would file her schedules and other bankruptcy papers on or before Friday, October 13, 2017 and appear at the continued meeting of creditors scheduled for October 17, 2017.  It was contemplated that if that the debtor had no creditors, as all of her debts had been discharged in her prior chapter 13 case, the Trustee would file a motion to dismiss the case after concluding the 341 meeting.

7.      On October 13, 2017, the debtor contacted the Trustee to advise him that due to travel for work, she would not be able to file her schedules and other bankruptcy papers, and requested an additional extension to file those papers and another continuance of the meeting of creditors.

8.     The Trustee agreed to continue the meeting of creditors a second time to November 1, 2017, and agreed to a deadline of Friday, October 27, 2017 for the debtor to file her schedules and other bankruptcy papers.

32581039:1

9. With the meeting of creditors continued a second time to November 1, 2017, it was unlikely that the case would be dismissed prior to the November 27, 2017 deadline to object to discharge assuming the second meeting of creditors was concluded on November 1, 2017 and the filing a Motion to dismiss thereafter was warranted. Accordingly, on October 16, 2017 the Trustee filed a Motion to extend the deadline to file a complaint to deny discharge under Bankruptcy Rule 4004 and 11 U.S.C. § 727(a) (DE#16) to December 26, 2017. The hearing on that Motion is scheduled for hearing on November 8, 2017.

10. The debtor timely filed her schedules and other bankruptcy papers, and appeared at the November 1, 2017 second continued meeting of creditors which was concluded by the Trustee. Based on her schedules and testimony at the meeting of creditors, it appears the debtor has no unsecured debt and, as a result, dismissal of her case is appropriate. The Trustee requests that dismissal of the case come with a one year prejudice period.

11. The Trustee anticipates incurring total administrative professional expenses in the amount of no more than $5,000 through attendance at the hearing on the Motion to dismiss, and preparation of the Order dismissing the case if the Motion to dismiss is granted. The Trustee requests that this Court approve the Trustee's reasonable administrative professional fees at the hearing on the Motion to dismiss, and authorize payment from the funds being held by Wells Fargo. The Trustee will produce at the hearing on the Motion to dismiss an invoice setting forth the Trustee's time entries as of the day prior to the hearing on the Motion to dismiss.

Wherefore, the Chapter 7 Trustee, Chad S. Paiva, respectfully requests that this

32581039:1

Court enter an Order dismissing this case with prejudice for one year, award the Trustee his reasonable administrative professional expenses, authorize payment of the Trustee's administrative expenses from the funds being held by Wells Fargo, and for such other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by regular U.S. Mail or CM/ECF to all parties listed below who are currently on the list to receive email notice via ,ail or CM/ECF on this the 6th day of November, 2017.

>By: /S/ *Chad S. Paiva, Esq.*
>Chad S. Paiva, Esq.
>525 Okeechobee Blvd. #900
>West Palm Beach, FL 33401
>Telephone:  (561) 227-2370
>Facsimile:   (561) 227-0069
>Email: chad.paiva@gmlaw.com

Via CM/ECF:

- US Trustee's Office      USTPRegion21.MM.ECF@usdoj.gov

Via Regular Mail:

Carmen C. Adames, Debtor
16699 SW 54th Court
Miramar, FL  33027

ALL CREDITORS AND INTERESTED PARTIES ON THE ORIGINAL MAILING MATRIX ON FILE WITH THE COURT AND ATTACHED HERETO

32581039:1

```
Label Matrix for local noticing          Nationstar Mortgage                   Office of the US Trustee
113C-0                                   8950 Cypress Waters Blvd.             51 S.W. 1st Ave.
Case 17-20579-JKO                        Coppell, TX 75019-4620                Suite 1204
Southern District of Florida                                                   Miami, FL 33130-1614
Fort Lauderdale
Mon Nov  6 10:02:05 EST 2017

Riviera Isles                            Carmen C Adames                       Chad S. Paiva
5055 SW 171st Ave                        16699 SW 54th Court                   trustee@gmlaw.com
Miramar, FL 33027-4997                   Miramar, FL 33027-5605                525 Okeechobee Blvd., Suite 1570
                                                                               West Palm Beach, FL 33401-6349



End of Label Matrix
Mailable recipients     5
Bypassed recipients     0
Total                   5
```